Filed 6/16/14  In re D.R. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

**In re D.R., a Person Coming Under the Juvenile Court Law.**

| | |
|---|---|
| **THE PEOPLE,** | **A140985** |
| **Plaintiff and Respondent,** | **Contra Costa County Super. Ct. No. J1000382)** |
| **v.** | |
| **D.R.,** | |
| **Defendant and Appellant.** | |

_____/

D.R. (the minor) appeals from the juvenile court's January 2014 dispositional order committing him to the Orin Allen Youth Rehabilitation Facility (juvenile facility) for 90 days, followed by probation.  The minor timely appealed, asking this court to conduct an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We have examined the record pursuant to *Wende* and find no reasonably arguable appellate issue.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2010, the court determined the minor received stolen property (Pen. Code, § 496),[1] adjudicated him a ward of the court, and committed him to the juvenile facility for

---

[1]     Unless otherwise noted, all further statutory references are to the Penal Code.

1

six months. In 2011 and 2012, the People filed various supplemental Welfare and Institutions Code section 602 petitions and the court determined, among other things, the minor received stolen property (§ 496), gave false identification to a police officer (§ 148.9), carried a concealed firearm, and violated probation several times. The minor completed a 12-month program at the juvenile facility and was placed on parole.

In October 2013, the People filed a notice of probation violation (Welf. & Inst. Code, § 777) alleging the minor failed to appear for scheduled appointments with his probation officer, testified positive for THC, opiates, and benzodiazepine, and left the probation office without permission. The court issued a warrant for the minor's arrest. The minor was eventually arrested and he admitted the violations.

The probation department recommended placing the minor on home supervision for 45 days with various conditions. At the January 2014 dispositional hearing, the minor's attorney and the prosecutor agreed with the probation department's recommendation. The court "completely disagree[d] with the recommendation[.]" It described the minor's performance on probation as "abysmal" and determined he did not understand "there are consequences for the choices that you make along the way. [¶] So given the fact that you absconded from supervision, that you resumed your drug use, and you were in warrant status for more than 90 days, all having occurred while you were on your parole period from the [juvenile facility], I'm going to return you to the [juvenile facility] for a period of 90 days." It committed the minor to the juvenile facility for 90 days, followed by probation.

## DISCUSSION

We appointed counsel to represent the minor on appeal. Counsel presents no argument for reversal, but asks this court to conduct an independent review of the record pursuant to *Wende, supra,* 25 Cal.3d at pages 441-442. Counsel informed the minor he had the right to file a supplemental brief on his own behalf, but the minor declined to do so.

We have conducted our independent review and find no arguable issues. The minor was ably represented by counsel and had a full and fair opportunity to present his

2

case to the juvenile court at the January 2014 dispositional hearing.  The court did not abuse its discretion in committing the minor to the juvenile facility.  (See *In re Angela M.* (2003) 111 Cal.App.4th 1392, 1396 [reviewing juvenile court's commitment decision for abuse of discretion, with all reasonable inferences indulged to support its decision]; *In re Asean D.* (1993) 14 Cal.App.4th 467, 473 [even "commitment to the Youth Authority may be made in the first instance, without previous resort to less restrictive placements"].)

DISPOSITION

The disposition is affirmed.

3

_____

Jones, P.J.

We concur:

_____

Simons, J.


_____

Bruiniers, J.

A140985

4